[Cite as *In re J.C.*, 2012-Ohio-1113.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| J.C., AM.C., AS.C. | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| DEPENDENT CHILDREN | : | |
| | : | Case No. 11CAF080072 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING: 　　　　Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 10-03-0705-02-C, 10-03-0706-02-C, 10-03-0707-03-C

JUDGMENT: 　　　　Affirmed

DATE OF JUDGMENT: 　　　　March 16, 2012

APPEARANCES:

For Appellant 　　　　　　　　　　For Appellee

WILLIAM T. CRAMER 　　　　　　　KATHERYN L. MUNGER
470 Olde Worthington Rd., Suite 200 　　140 North Sandusky St., 3rd Floor
Westerville, OH 43082 　　　　　　Delaware, OH 43015

Guardian ad Litem for Father 　　　　Guardian ad Litem for Children

SCOTT GORDON 　　　　　　　　JENNIFER MYERS
40 North Sandusky St., Suite 300 　　　300 East Broad St., Suite 350
Delaware, OH 43015 　　　　　　Columbus, OH 43215

For Mother 　　　　　　　　　　For Maternal Grandmother

DONALD G. WORLEY 　　　　　　THOMAS WALDECK
43 East Central Ave. 　　　　　　61 North Sandusky St., 2nd Floor
Delaware, OH 43015 　　　　　　Delaware, OH 43015

*Farmer, J.*

{¶1}   On March 16, 2010, appellee, the Delaware County Department of Job and Family Services, filed a complaint alleging J.C. born May 24, 2000, AM.C. born November 1, 2002, and AS.C. born November 1, 2002, to be abused, neglected, or dependent.   Mother of the children is April Lewis; father is appellant, Mark Cromlish. The children were placed in the custody of the maternal grandmother, Debbie Yates.

{¶2}   On June 3, 2010, the trial court found the children to be dependent.

{¶3}   On January 28, 2011, Ms. Yates filed a motion for legal custody of the children.  On April 25, 2011, appellant filed a motion for visitation.  Hearings were held on May 17 2011 and June 20 and 23, 2011.  By judgment entry filed July 12, 2011, the trial court granted Ms. Yates's motion for legal custody, and granted appellant visitation rights.   The trial court terminated the case, but retained jurisdiction over parenting issues such as support, custody, visitation, and parenting time via a pending paternity case, Case No. 09-07-1857.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE JUVENILE COURT SOUGHT TO DENY FATHER HIS STATUTORY RIGHT TO APPOINTED COUNSEL UNDER R.C. 2151.352 BY IMPROPERLY TRANSFERRING JURISDICTION OVER THIS ABUSE/NEGLECT/DEPENDENCY CASE TO A RELATED PATERNITY/SUPPORT CASE."

I

{¶6}   Appellant claims the trial court erred in transferring issues of visitation and custody in the abuse/neglect/dependency case to the pending paternity/support case pursuant to R.C. Chapter 3111.  Appellant claims this sua sponte transfer abrogated his right to appointed counsel.  We disagree.

{¶7}   In its judgment entry filed July 12, 2011, the trial court granted legal custody of the children to the maternal grandmother, Deborah Yates, with visitation and telephone contact granted to appellant.  The trial court then closed the abuse/neglect/dependency case as follows:

{¶8}   "6. These cases are hereby terminated, except this Court will retain jurisdiction over all parenting issues, e.g., support, custody, visitation and parenting time.  That jurisdiction will be exercised under Case No. 09-07-1857, styled as April Lewis, Plaintiff, v. Mark Cromlish, Defendant.  Deborah Yates shall be added as a Third-Party Defendant under that existing case.  Child support continues to be redirected to Deborah Yates."

{¶9}   Juv.R. 4 provides for appointed counsel in an abuse/neglect/dependency case, but not in a paternity case under R.C. Chapter 3111:

{¶10}   "(A) Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent.  These rights shall arise when a person becomes a party to a juvenile court proceeding.  When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child.  This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."

{¶11} The scope of the juvenile rules is limited to proceedings within the jurisdiction of the juvenile court [Juv.R. 1(A)]. A party is defined as a child's custodian or guardian under Juv.R. 2(H) and (N) as follows:

{¶12} "(H) 'Custodian' means a person who has legal custody of a child or a public children's services agency or private child-placing agency that has permanent, temporary, or legal custody of a child.

{¶13} "(N) 'Guardian' means a person, association, or corporation that is granted authority by a probate court pursuant to Chapter 2111 of the Revised Code to exercise parental rights over a child to the extent provided in the court's order and subject to the residual parental rights of the child's parents."

{¶14} "Legal custody," "permanent custody," and "residual parental rights" are defined in Juv.R. 2(V), (Z), and (II) as follows:

{¶15} "(V) 'Legal custody' means a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by any section of the Revised Code or by the court.

{¶16} "(Z) 'Permanent custody' means a legal status that vests in a public children's services agency or a private child-placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of any and all parental rights, privileges, and obligations, including all residual rights and obligations.

{¶17} "(II) 'Residual parental rights, privileges, and responsibilities' means those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including but not limited to the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support."

{¶18} In its judgment entry filed July 12, 2011, the trial court awarded legal custody to Ms. Yates pursuant to R.C. 2151.42 which was a final appealable order, but was subject to the continuing jurisdiction of the trial court.  R.C. 2151.42(B) provides the following:

{¶19} "An order of disposition issued under division (A)(3) of section 2151.353, division (A)(3) of section 2151.415, or section 2151.417 of the Revised Code granting legal custody of a child to a person is intended to be permanent in nature.  A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child."

{¶20} Pursuant to the juvenile rules, the residual rights of appellant remain with the juvenile court in a case pursuant to R.C. Chapter 2151, et seq.

{¶21} The gravamen of this appeal is whether the trial court can relinquish its responsibility to the domestic relations court on the issues of visitation and support.

{¶22} Pursuant to R.C. 3111.16, the domestic relations court has continuing jurisdiction in a paternity action:

{¶23} "The court has continuing jurisdiction to modify or revoke a judgment or order issued under sections 3111.01 to 3111.18 of the Revised Code to provide for future education and support and a judgment or order issued with respect to matters listed in divisions (C) and (D) of section 3111.13 and division (B) of section 3111.15 of the Revised Code, except that a court entering a judgment or order for the purchase of an annuity under division (D) of section 3111.13 of the Revised Code may specify that the judgment or order may not be modified or revoked."

{¶24} R.C. 3111.15 governs enforcement of support order.  Subsection (A) states the following:

{¶25} "If the existence of the father and child relationship is declared or if paternity or a duty of support has been adjudicated under sections 3111.01 to 3111.18 of the Revised Code or under prior law, the obligation of the father may be enforced in the same or other proceedings by the mother, the child, or the public authority that has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, support, or funeral, or by any other person, including a private agency, to the extent that any of them may furnish, has furnished, or is furnishing these expenses."

{¶26} We have two courts with the right to retain jurisdiction, but only one court (juvenile court) that is required to appoint counsel for a parent except "in cases in which that right is not otherwise provided for by constitution or statute."  Juv.R. 4(A).

{¶27} Upon review, we conclude that even in decisions as to visitation and support under the juvenile rules, appellant would not have been entitled to appointed counsel; therefore, the trial court did not abuse appellant's right to counsel in relinquishing its jurisdiction over visitation and support.

{¶28} The sole assignment of error is denied.

{¶29} The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


_s/ William B. Hoffman_____

JUDGES


SGF/sg 301

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| J.C., AM.C., AS.C. | : | JUDGMENT ENTRY |
| | : | |
| DEPENDENT CHILDREN | : | |
| | : | CASE NO. 11CAF080072 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is affirmed.  Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

_s/ William B. Hoffman_____

JUDGES